DREW, Chief Justice.
These consolidated cases present the sole issue of what counties may conduct summer dog racing under the language contained in Sec. 550.04, Florida Statutes 1955, F.S.A. The pertinent language of the statute is the following:
“ * * * summer dog track meetings shall be held only during the period beginning with and including June 1st and up to and including the 30th day of September, in counties lying •wholly east of the St. Johns river and south of the Matanzas inlet." (Emphasis supplied.)
St. Johns river has its source in the marshes below Lake Helen Blazes in the south-central portion of Brevard County, *632 near the eastern coast of Florida. From that point the river flows generally north-northwest to Lake George where it turns almost directly north to the City of Jacksonville and then flows easterly into the Atlantic Ocean near Fort George. The Matanzas inlet is located on the eastern shore of Florida between Summer Haven and Crescent Beach, a short distance north of the northern line of Flagler County.
Many conflicting interpretations of the pertinent legislative language are presented in the briefs filed in this cause. We think, however, that so far as this legislative act is concerned, the north boundary, while stated as a point, must in reality be considered the starting place for a latitude. The whole St. Johns river in its meandering course provides a boundary to the west. The fact that there is no definite southern boundary set forth in the legislative act is of no importance because from a reading of the act itself, Volusia and Flagler counties are the only counties which lie “wholly east of the St. Johns river and south of the Matanzas inlet” within the statutory scheme.
We find nothing in the act which requires construction. We think the conclusion is obvious that the only two counties in Florida which are embraced within the terms of the act are Flagler and Volusia.
We do not decide, because the point is neither raised nor argued, whether the provisions of the act above referred to conform to the requirements of Section 21 of Article III of the Constitution of Florida, F.S.A.
The motions to quash the alternative writs are hereby granted.
TERRELL, ROBERTS and THORN-AL, J J., and LOPEZ, Associate Justice, concur.
BUFORD, J., concurs in judgment.
O’CONNELL, J., heard the argument but did not participate in the disposition of this case.
HOBSON, J., not participating.